## ALEXANDER M. STEWART

### *v.*

## THE CHICAGO GENERAL STREET RAILWAY COMPANY.

*Filed at Ottawa April 3, 1897.*

INJUNCTION—*abutting owner cannot enjoin use of street by railroad company.*  An abutting owner cannot enjoin the use of a public street by a railroad company for the purpose of operating its railroad where such use has been authorized by a city ordinance. (*Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, followed.)

   *Stewart* v. *Chicago General Street Ry. Co.* 58 Ill. App. 446, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. G. WINDES, Judge, presiding.

Complainant, the appellant here, filed his bill for injunction in the circuit court of Cook county, in which it is averred that he is the owner of fifty feet of frontage on Lawndale avenue, in the city of Chicago; that the West and South Towns Street Railway Company is incorporated under an act in regard to horse and dummy railways; that on February 8, 1892, the city council of the city of Chicago, on the petition of said company and on the petition of the owners of more than one-half of the frontage of so much of the street sought to be used for street railway purposes, passed an ordinance granting authority to construct a railway on Lawndale avenue past the premises owned by complainant; that said railroad is constructed and in operation; that the Chicago General Street Railway Company is also incorporated under said act in regard to horse and dummy railways; that said West and South Towns Railway Company has granted to said Chicago General Street Railway Company the right to operate an electric trolley railway over the tracks above mentioned ; that said Chicago General Street Railway Company is about to enter into the use of said street without any petition whatsoever of the owners of land representing any part of the frontage of the said street and without any ordinance or authority whatsoever of the city, its sole authority for such use of the street being the pretended lease of said West and South Towns railway; that any use of said street for railway purposes by said Chicago General Street Railway Company without said petition of owners and without any authority from the city council is contrary to clause 90, section 62, chapter 24, and being the act relating to incorporation of cities and villages; that there is no authority, under the law, for said West and South Towns Railway Company to lease any of its privileges and no authority for said General Street Railway Company to take or acquire the same; that there is no authority in the act under which said company is incorporated to operate any other

motive power than horse and dummy locomotion. There was a prayer and process and injunction to restrain appellee from the use of Lawndale avenue, etc.

Section 1 of the ordinance of the city of Chicago referred to in the bill grants to the West and South Towns Street Railway Company, its successors and assigns, authority to construct and operate a railroad on Lawndale avenue from Twenty-second street to Thirty-fifth street, and section 3 authorizes the operation of cars by animal or cable power, or electric, compressed air or gas motors.

A special demurrer was interposed to this bill, assigning as a special cause, among others, that an abutting lot owner could not maintain injunction, etc. This demurrer was sustained by the circuit court, and on appeal to the Appellate Court for the First District that decree was affirmed.

JOHN J. COBURN, for appellant.

C. L. BONNEY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This court held in *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, that an abutting lot owner on a street had no such an interest in the street that he could maintain a bill for injunction against the use of the street by a street railroad company, where such use was authorized by an ordinance. In that case the authorities were fully cited and reviewed, and a further discussion would serve no useful purpose. It was not error to sustain the demurrer.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*